UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIA TONGE, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:12-cv-570-JMS-MJD |
| | ) | |
| ARANTEE GROUP, LLC, *et al.*, | ) | |
|     *Defendants.* | ) | |

**ORDER**

Presently pending before the Court is Plaintiff Kia Tonge's Motion for Clerk's Entry of Default. [Dkt. 13.] Ms. Tonge asserts that she is entitled to entry of default because she served Defendants Arantee Group LLC ("Arantee") and Ravi Chopru by "leaving the papers at the Defendants' place of business" in Indianapolis. [Dkt. 13-1 at 1.] Because the Court concludes that Ms. Tonge has not perfected service on either defendant, the Court denies her motion for clerk's entry of default.

**A.  Service on Arantee**

Federal Rule of Civil Procedure 4(h) sets forth how to effect service on a corporation. In relevant part, it provides that unless service has been waived, a corporation may be served by delivering a copy of the summons and of the complaint to an officer, managing agent, or other agent authorized to receive service and by also mailing a copy to the defendant. Fed. R. Civ. Pro. 4(h). Although Rule 4(h) incorporates a portion of the individual service subsection—specifically, Rule 4(e)(1)—there is no indication that Ms. Tonge's purported service complies with the incorporated subsection.

Because Ms. Tonge has not perfected service on Arantee and no waiver of service is on file, the Court **DENIES** her request for an entry of default with regards to Arantee.

### B. Service on Mr. Chopru

Federal Rule 4(e) sets forth how to effect service on an individual. Among other things, a plaintiff may leave a copy of the complaint and summons "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. Pro. 4(e)(2)(B).[1] Serving an individual at his business address to a person who is not authorized to accept service is insufficient to effect service on an individual. *Noble Roman's, Inc. v. Rahimian*, 2008 WL 4793681 *1-2 (S.D. Ind. 2008).

The affidavit Ms. Tonge submitted with her request for an entry of default is insufficient to show that service has been perfected as to Mr. Chopru because it attests that a copy was left at Mr. Chopru's place of business, not his dwelling or usual place of abode. [Dkt. 13-1.] Moreover, there is no evidence that it was left with anyone, much less with someone of suitable age and discretion who resides there, as Rule 4(e)(2)(B) requires. [*Id.*]

Because Ms. Tonge has not perfected service on Mr. Chopru and no waiver of service is on file, the Court **DENIES** her request for an entry of default with regards to Mr. Chopru.

07/25/2012

*Hon. Jane Magnus-Stinson, Judge*
United States District Court
Southern District of Indiana

**Distribution via ECF:**

Yang Kyoung Nam
ROBERTS & BISHOP
lounam77@gmail.com

---

[1] This subsection of Rule 4(e) is not incorporated by Rule 4(h) to effect service on a corporation.

- 3 -

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com