UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIA TONGE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:12-cv-00570-JMS-MJD |
| THE ARANTEE GROUP, LLC RAVI CHOPRA | ) ) ) |
| Defendants. | ) ) ) ) ) |

## **ORDER ON MOTION FOR APPOINTMENT OF RECEIVER**

This matter is before the Court on Plaintiff's Motion for Appointment of Receiver. [Dkt. 54.] For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### I. Background

On March 27, 2013, the Court entered final judgment in favor of Plaintiff Kia Tonge in a Civil Rights action against her former employers, The Arantee Group, LLC ("Arantee"), and Ravi Chopra ("Defendants"). [Dkt. 28.] The Defendants were found jointly and severally liable to the Plaintiff for a total amount of $200,664.20. [*Id.*] Plaintiff sought to collect on the judgment and initiated proceedings supplemental on January 15, 2014. [Dkt. 30.] On April 2, 2014, Defendant Chopra filed for personal bankruptcy. [Dkt. 47-1.] Within the bankruptcy filing, Defendant Chopra indicated that he owns 51% of Arantee, which also does business as 6 Lounge, and that when 6 Lounge's lease term ends in October 2014, it "will likely be closed down and liquidated at that time." [*Id.* at 13.] Plaintiff now seeks appointment of a receiver based on statements made in the bankruptcy filing and alleged fraudulent conduct. [Dkt. 54.]

## II. Legal Standard

Plaintiff relies on Ind. Code § 32-30-5-1 for its Motion for Appointment of Receiver, however, the Seventh Circuit has held: "The appointment of … [a receiver in a judgment creditor's suit] is a branch of equity jurisdiction *not dependent upon any statute*. That right is based primarily on the ground that equity will come to the aid of any one who has exhausted his remedies at law." *Pittsburgh Equitable Meter Co. v. Paul C. Loeber & Co.*, 160 F.2d 721, 728 (7th Cir. 1947) (emphasis added). Accordingly, the Court cannot base its decision on Ind. Code § 32-30-5-1 and instead relies on precedent established in federal courts, as outlined below.

"Appointment of a receiver has long been considered a 'drastic, harsh, and dangerous' remedy to be applied only in the most extreme circumstances." *Roynat, Inc. v. Richmond Transp. Corp.*, 772 F. Supp. 417, 420 (S.D. Ind. 1991) (citing *Connolly v. Gishwiller*, 162 F.2d 428, 435 (7th Cir. 1947)). It is a remedy that "should be resorted to only on a plain showing of some threatened loss or injury to the property, which the receivership would avoid." *Gordon v. Washington*, 295 U.S. 30, 39 (1935).

In order to determine whether extreme circumstances exist to warrant this extraordinary remedy, the Court looks at several factors:

> These include fraudulent conduct on part of the debtor/defendant; imminent danger that property will be lost or squandered; inadequacy of available legal remedies; the probability that failure to appoint a receiver will harm the moving creditor more than appointment would harm the debtor or non-moving creditors; the moving creditor's probable success in the main action, and the possibility of irreparable injury to his or her interests in the meantime; and the degree to which receivership actually will serve the interests of those seeking protection.

*Roynat*, 772 F. Supp. at 420 n.3 (citing *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326-27 (1st Cir. 1988)); *accord Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009).

**III. Discussion**

Plaintiff raises only two of the factors identified by the *Roynat* Court: fraudulent conduct of Defendant Chopra [Dkt. 59 at 1-2] and danger that the property will be lost or squandered [*Id.* at 2].

First, the Court addresses the allegations of fraudulent conduct by Defendant Chopra. Plaintiff alleges that Defendant Chopra made misrepresentations in his personal bankruptcy filing regarding his place of residence and the value of his assets. [Dkt. 54 at 1; Dkt. 54-2 at 1; Dkt. 59 at 1.] Specifically, Plaintiff alleges that within his personal bankruptcy filing Defendant Chopra claims to live in California but also lists a residence in Indiana and values his home at an amount less than a secured claim against it. However, the Plaintiff offers no facts other than the bankruptcy filing itself to support these allegations. Defendant Chopra's personal bankruptcy is not a matter before this court and accordingly no opinion as to the truthfulness of his statements related to his bankruptcy will be rendered. Plaintiff indicates that she intends to move for dismissal of the bankruptcy filing. [Dkt. 54-2 at 2.] As such, the Court is confident that its colleagues in the U.S. Bankruptcy Court for the Central District of California will determine the veracity of these statements related to Defendant Chopra's residence and the value of his property as it proceeds with his bankruptcy. Mere allegations that the defendant is lying in the Plaintiff's motion are wholly insufficient to support a finding by the Court of fraudulent behavior on Defendant Chopra's part. Plaintiff would need to produce actual evidence to support such an allegation.

The Plaintiff further alleges that Defendant Chopra committed fraud by continuing, "at the last moment," a meeting of creditors related to his personal

bankruptcy that Plaintiff planned to attend. [Dkt. 59 at 1-2.] The original meeting of creditors was scheduled for May 5, 2014 and Defendant Chopra failed to appear, so the assigned bankruptcy trustee rescheduled the meeting of creditors to May 27, 2014. Notice of Continued Meeting of Creditors and Appearance of Debtor, *In re Chopra*, No. 9:14-BK-10652-DS (Bankr. C.D. Cal. May 6, 2014), ECF No. 9. Defendant Chopra appeared at the rescheduled meeting, however the trustee once again continued the meeting because additional documentation was necessary. Notice of Continued Meeting of Creditors and Appearance of Debtor, *In re Chopra*, No. 9:14-BK-10652-DS (Bankr. C.D. Cal. May 27, 2014), ECF No. 12. Plaintiff presents no evidence that Defendant Chopra had intent to deceive the Plaintiff or to deny her of her judgment award by failing to appear at the initial meeting of creditors, and accordingly there is no basis to find fraud in Defendant Chopra's failure to appear.[1]

Finally, the Plaintiff alleges that there is great danger that the property will be lost because Defendant Chopra indicates in his bankruptcy filing that when 6 Lounge's lease term ends in October 2014, it "will likely be closed down and liquidated at that time." [Dkt. 47-1 at 13]. However, at a hearing held April 16, 2014, Defendant Chopra testified under oath that the closing of the business is dependent upon renegotiating the lease for its space in downtown Indianapolis. Defendant Chopra asserted that if the lease can be renegotiated with the landlord, he intends to keep the business open; if no agreement with the landlord is made, the business will be liquidated. Defendant Chopra testified that it is his desire to renew the lease and continue to run the business, but as of the date of the hearing he had not received confirmation from the landlord. Given that Defendant

---

[1] Plaintiff also attempts to impute fraudulent conduct on the actions of an alleged employee of Defendant Chopra that resulted in a physical altercation. However, Plaintiff fails to explain how an altercation with an alleged employee is indicative of fraudulent conduct committed by Defendant Chopra.

4

Chopra has testified under oath that it is his intent to keep the business open if possible, the Court finds that there is no great danger that the property will be lost at this time.

Because the Court has determined that Plaintiff failed to prove that Defendant Chopra committed fraud, and Plaintiff also failed to prove that there is great danger of Defendant Chopra's business being lost, the Plaintiff has not met her burden to demonstrate "extreme circumstances" that would warrant a receivership. *Roynat*, 772 F. Supp. at 420 (citations and quotations omitted).

### IV. Conclusion

For the reasons set forth above, Plaintiff Tonge's Motion for Appointment of Receiver [Dkt. 54] is **DENIED**.

Date: 05/29/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Fred Anthony Paganelli
tony@tonypaganelli.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com

Yang Kyoung Nam
ROBERTS & BISHOP
lounam77@gmail.com