UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIA TONGE, | ) |
| | ) |
|        *Plaintiff*, | ) |
| | ) |
|        vs. | ) No. 1:12-cv-00570-JMS-MJD |
| | ) |
| THE ARANTEE GROUP, LLC, | ) |
| | ) |
|        *Defendants*. | ) |

## **ORDER ON MOTION TO DISMISS OR FOR RELIEF FROM DEFAULT JUDGMENT**

Presently pending before the Court is Defendant The Arantee Group, LLC's ("Arantee") Motion to Dismiss for Lack of Jurisdiction or for Relief from Default Judgment. [Filing No. 63.] On February 15, 2013, this Court entered Default Judgment against Arantee on Plaintiff Kia Tonge's employment discrimination claims. [Filing No. 22.] After a damages hearing, the Court entered Final Judgment in Ms. Tonge's favor and against Arantee in the amount of $200,664.20. [Filing No. 28.] Arantee now asks this Court for relief from that judgment, arguing that this Court lacks subject matter jurisdiction because Ms. Tonge was allegedly never an Arantee employee and, alternatively, that it was never served in this action. [Filing No. 64.] For the reasons that follow, the Court denies Arantee's motion for relief. [Filing No. 63.]

**I.**
**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60 "regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). Relief under Rule 60 "is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011). Rule 60 "squarely places the burden on the moving party." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

A party seeking to vacate a default judgment pursuant to Federal Rule of Civil Procedure 60(b) must show good cause, quick action to correct it, and a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). Motions for relief "premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud (Rule 60(b)(3)) must be brought not more than one year after the judgment, order, or proceeding was entered or taken." *Arrieta*, 461 F.3d at 864. That time limit "is jurisdictional and cannot be extended." *Id.* After one year, the Court can only grant relief if the judgment is void; has been satisfied, released, or discharged; or for any other reason that justifies relief. Fed. R. Civ. Pro. 60(b)(4) - (b)(6). All motions for relief pursuant to Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. Pro. 60(c).

## II.
### RELEVANT BACKGROUND

On April 30, 2012, Ms. Tonge filed a Complaint against Defendants Arantee and Ravi Chopra, alleging employment discrimination claims.[1] [Filing No. 1.] Ms. Tonge moved for default judgment three times between June 1, 2012, and July 2, 2012, but the Court denied those motions for various reasons. [Filing No. 10; Filing No. 12; Filing No. 14.]

On August 27, 2012, Ms. Tonge filed the Return of Service that later served as the basis for the Court's judgment. [Filing No. 15.] In the Proof of Service, Thomas Dycus, a process server, attests that he personally served Mr. Chopra, Arantee's registered agent, on August 23, 2012, at "247 S. Meridian Street, Indianapolis, IN 46225." [Filing No. 15 at 2.]

---

[1] The Court also entered Final Judgment against Defendant Ravi Chopra, [Filing No. 28], but that judgment was stayed in light of Ravi Chopra's Notice of Bankruptcy, [Filing No. 47; Filing No. 56]. Mr. Chopra has since obtained a bankruptcy discharge regarding this action. [Filing No. 94 at 2.] Thus, the pending motion seeking relief and this Order only pertain to Arantee.

2

On October 5, 2012, Ms. Tonge filed a Motion for Leave to Amend/Correct Pleadings to correct the spelling of both Defendants' names, amend the jurisdiction section, and to amend the section describing the Defendants to "give more clear description." [[Filing No. 16 at 1](#).] She attached a copy of the proposed Second Amended Complaint to her motion, [[Filing No. 16-1](#)], and the Certificate of Service certifies that it was mailed to "The Arantee Group, LLC d/b/a 6 Lounge, Ravi Chopra, 247 South Meridian Street, Indianapolis, IN 46225." [[Filing No. 16 at 3](#).]

The Court granted Ms. Tonge's Motion to Amend on October 12, 2012, [[Filing No. 17](#)], and Ms. Tonge's Second Amended Complaint was docketed, [[Filing No. 18](#)]. The Court mailed Arantee a copy of the Order granting Ms. Tonge leave to amend. [[Filing No. 17](#).]

On November 1, 2012, Ms. Tonge filed a Motion for Clerk's Entry of Default. [[Filing No. 19](#).] Attached to her motion was an affidavit from her attorney, attesting that Arantee was served on August 23, 2012. [[Filing No. 19-1](#) (referencing [Filing No. 15](#)).] The Court entered Clerk's Entry of Default on December 3, 2012 because Arantee "failed to plead or otherwise defend itself." [[Filing No. 20](#).]

On January 22, 2013, Ms. Tonge filed a Motion for Default Judgment. [[Filing No. 21](#).] The Court granted that motion on February 15, 2013, [[Filing No. 22](#)], and set a damages hearing for March 27, 2013, [[Filing No. 24](#)]. After the damages hearing, the Court entered Final Judgment in favor of Ms. Tonge and against Arantee in the amount of $200,664.20. [[Filing No. 28](#).]

On January 15, 2014, Ms. Tonge filed a Motion for Proceedings Supplemental. [[Filing No. 30](#).] The Court granted the motion on January 17, 2014, and ordered Arantee, by its authorized agent Mr. Chopra, to appear for a hearing in person on February 26, 2014. [[Filing No. 32](#).] The Court further ordered Ms. Tonge to serve relevant documents on Arantee within seven days and file proof of such service. [[Filing No. 32 at 3](#).]

On February 19, 2014, Plaintiff filed an Affidavit of Service by Captain Donald VanCleave of the Marion County Sheriff's Office. [Filing No. 38.] Captain VanCleave attested that he was "familiar with Club 6 or the Arantee Group and Ravi Chopra" and that "Ravi Chopra and the Arantee Group were served by copy and personally on February 4, 5, and 6, 2014." [Filing No. 38 at 1.] Captain VanCleave further attested that "on February 10, 2014 I talked to with [sic] Ravi Chopra by phone and informed him of the importance of appearing at Court at the required time." [Filing No. 38 at 1.]

On February 26, 2014, Mr. Chopra failed to appear at the proceeding supplemental hearing on behalf of Arantee. [Filing No. 39.] The assigned magistrate judge issued a Report and Recommendation on March 10, 2014, finding that Mr. Chopra had failed to appear "despite having received actual notice of the hearing" and recommending that the Court issue a body attachment pursuant to Local Rule 69-4. [Filing No. 40 at 2.] The Court accepted that recommendation and issued a Writ of Body Attachment with regard to Mr. Chopra on March 18, 2014. [Filing No. 41; Filing No. 42; Filing No. 44.]

On April 4, 2014, counsel entered an appearance on behalf of Mr. Chopra. [Filing No. 46; Filing No. 47.] That same day, he filed a Notice of Bankruptcy regarding Mr. Chopra, informing the Court that Mr. Chopra had filed for bankruptcy two days prior. [Filing No. 47.] Counsel also filed an Emergency Motion to Recall the Body Attachment. [Filing No. 48.] The Court held a hearing on April 16, 2014, for which Mr. Chopra appeared in person and by counsel, and agreed to be sworn and examined as Arantee's representative. [Filing No. 56 at 1.] The Court ultimately discharged the body attachment. [Filing No. 56.]

Counsel entered an appearance on behalf of Arantee on May 1, 2014. [Filing No. 57.] On October 7, 2014, Arantee filed a Motion to Dismiss for Lack of Jurisdiction or for Relief from

4

Default Judgment. [Filing No. 63.] The parties briefed the motion, and the Court held an evidentiary hearing on January 22, 2015. [Filing No. 93.] Evidence presented at the hearing and the Court's conclusions are summarized below as necessary.

## III.
### DISCUSSION

Arantee asks for relief from the Court's judgment against it on Ms. Tonge's employment discrimination claims. First, Arantee argues that this Court lacks subject matter jurisdiction over Ms. Tonge's claims because she was allegedly never an Arantee employee. [Filing No. 64 at 5-6.] Second, Arantee contends that it is entitled to relief from default judgment pursuant to Federal Rule of Civil Procedure 60(b) because it allegedly was not served with process in this action. [Filing No. 64 at 8-9.] Third, even if the Court concludes that it has subject matter jurisdiction and that Arantee was served, Arantee argues that the judgment should be vacated because it was not based on service for the operative complaint. [Filing No. 95.] The Court will address each issue in turn.

### A. Subject Matter Jurisdiction

First, Arantee argues that the default judgment should be vacated because this Court allegedly lacks subject matter jurisdiction over Ms. Tonge's employment discrimination claims, since Arantee claims that Ms. Tonge was never its employee. [Filing No. 64 at 5-6.] Arantee emphasizes that a party cannot waive lack of subject matter jurisdiction arguments, and it submits an affidavit from Mr. Chopra attesting that Ms. Tonge was never Arantee's employee. [Filing No. 64 at 5-6 (referencing Filing No. 63-1).]

In response, Ms. Tonge submits her own affidavit attesting that she was an employee of Arantee. [Filing No. 73-1.] She also argues that by defaulting on her claim, Arantee has admitted her employment status. [Filing No. 73 at 2.] She cites *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511

5

(2006), as support for her argument, noting that the statutory bases for her claims do not specifically identify employment status as jurisdictional. [Filing No. 73 at 2.]

In its reply, Arantee admits that "the statutes themselves may not use the word 'jurisdictional'" with regard to employment status. [Filing No. 81 at 2.] Arantee relies, however, on *Vakharia v. Swedish Covenant Hospital*, 190 F.3d 799, 805-06 (7th Cir. 1999), which affirmed a district court's summary judgment decision in favor of a defendant after concluding that the plaintiff was an independent contractor, not an employee of the defendant. [Filing No. 81 at 2.]

An objection to the Court's subject matter jurisdiction can be raised at any time pursuant to Federal Rule of Civil Procedure 12(b)(1), even after the entry of judgment. *Arbaugh*, 546 U.S. at 506. By contrast, an objection that a complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) may not be asserted after trial or judgment. *Id.* In *Arbaugh*, the United States Supreme Court held "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516. In doing so, it announced a "readily administrable bright line" for determining whether something is an element of a claim or jurisdictional—specifically, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.*

The Court finds the Supreme Court's decision in *Arbaugh* instructive.[2] Arantee admits that "the statutes themselves may not use the word 'jurisdictional'" with regard to employment status, [Filing No. 81 at 2], and the Court agrees, *see* 42 U.S.C. § 1981; 42 U.S.C. § 2000e-5(f)(3). Thus, pursuant to *Arbaugh*, because Congress did not make employment status jurisdictional, it is an element of Ms. Tonge's claim that is "nonjurisdictional in nature." 546 U.S. at 516. Because Arantee has defaulted on Ms. Tonge's employment discrimination claims, [Filing No. 28], it can no longer challenge the factual elements underlying her claims, including her status as an employee. *See* Fed. R. Civ. Pro. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (holding that when default judgment is entered, factual allegations are treated as true and a defaulted defendant may no longer challenge them— "[a]s a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint"). Accordingly, the Court concludes that it has subject matter jurisdiction over Ms. Tonge's employment discrimination claims.

### B. Personal Jurisdiction

Arantee asks the Court to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) because it is allegedly void. [Filing No. 64 at 6-7.] Specifically, Arantee

---

[2] Arantee relies heavily on the Seventh Circuit's decision in *Vakharia* to support its argument. *Vakharia* is distinguishable, however, because it affirmed a district court's summary judgment decision in favor of an employer and only used the word "standing" to summarize the district court's decision, not its own conclusion. 190 F.3d at 805 ("The district court determined that Vakharia lacked standing to assert Title VII and ADEA claims because she was an independent contractor and not an employee."). Even if *Vakharia* stands for the proposition that a plaintiff's employment status impacts her standing to bring an employment discrimination claim and, thus, subject matter jurisdiction, this Court is required to follow the Supreme Court's more recent decision in *Arbaugh*. *See, e.g.*, *United States v. Chase*, 281 F.2d 225, 229 (7th Cir. 1960) ("[T]he District Courts as well as the Courts of Appeals must follow the decisions and interpretations of our highest court in spite of any individual predilections that may exist.").

alleges that it was never served with process of this action and "did not learn of the judgment against [it] until Spring 2014 when plaintiff commenced proceedings supplemental to enforce her judgment." [Filing No. 64 at 7.] Arantee contends that because it was never served, the Court did not have personal jurisdiction over it when it entered default judgment. [Filing No. 64 at 8.]

In response, Ms. Tonge emphasizes the presumption of service and relies on the proof of service she filed in August 2012, which she contends establishes that Mr. Dycus, a process server, served Arantee through Mr. Chopra. [Filing No. 73 at 2-3.] She contends that Arantee has failed to rebut this presumption and that, accordingly, the default judgment is not void. [Filing No. 73 at 3.]

In reply, Arantee acknowledges that it is its burden to rebut the presumption of service, but it emphasizes evidence anticipated at the evidentiary hearing that it believes would show that Arantee was not served with process. [Filing No. 81 at 6.]

*1) Applicable Law*

"Valid service of process is necessary in order to assert personal jurisdiction." *Matter of Smith*, 111 F.3d 133 (7th Cir. 1997). "If a defaulted party can show, by a motion under Rule 60(b), that the court lacked personal jurisdiction through flawed or nonexistent service of process, the district court 'is obligated to dismiss the case because ... [t]he default judgment is void.'" *Id.* (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996)).

"A signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence." *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010); *see also Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005) ("Under Federal Rule of Civil Procedure 4, a signed return of service constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence."). "Once such a

8

*prima facie* showing is made, the burden shifts to the defendant to demonstrate that service was not received." [Homer, 415 F.3d at 752](#). An affidavit in which the defendant merely states that it was not served does not meet the strong and convincing standard. *See* [Bilal v. Rotec Indus., Inc., 2004 WL 1794918, at *3 (N.D. Ill. 2004)](#) ("Oury's sole contention is that he never received a copy of the summons that appears on the docket. Such an allegation, even if it were contained in an affidavit (which it is not), is insufficient to counter the 'strong and convincing evidence' presented by the signed return of service Bilal filed with this court.").

        *2) Evidence of Service*

On August 27, 2012, Ms. Tonge filed the Return of Service that later served as a basis for this Court's judgment. [[Filing No. 15](#).] In that document, Mr. Dycus declares under the penalties of perjury that on August 23, 2012, he personally served Mr. Chopra, both individually and as the registered agent for Arantee, at 247 S. Meridian Street, Indianapolis, IN 46225. [[Filing No. 15 at 2](#).] Mr. Dycus represents that his fee for service was $50. [[Filing No. 15 at 2](#).]

In response to Arantee's Rule 60(b) motion, Ms. Tonge submitted an affidavit from Mr. Dycus dated November 3, 2014. [[Filing No. 73-2](#).] Mr. Dycus attests that on August 23, 2012, he went to 247 S. Meridian Street around 6:00 or 7:00 pm, inquired about Mr. Chopra, and "was told that he was downstairs." [[Filing No. 73-2 at 1](#).] Mr. Dycus attests that he "went downstairs, sat down, and had a drink." [[Filing No. 73-2 at 1](#).] Mr. Dycus further attests that Mr. Chopra introduced himself and that Mr. Dycus "handed him a summons and the amended complaint" for this case. [[Filing No. 73-2 at 1](#).]

On January 21, 2015, the Court held an evidentiary hearing on Arantee's request to set aside the default judgment. [[Filing No. 93](#).] At that hearing, the Court heard sworn testimony from Mr. Dycus. He testified that during the time at issue, he was employed as a private detective.

9

Mr. Dycus testified that Ms. Tonge's counsel provided him with the Proof of Service, which was partially filled out with the name, location, and date of service to serve Mr. Chopra as the registered agent of Arantee. Mr. Dycus testified that on August 23, 2012, he went downstairs at 6 Lounge, waited ten minutes for Mr. Chopra, Mr. Chopra introduced himself and started talking, and Mr. Dycus handed him the summons and complaint. Mr. Dycus testified that he ordered a drink but that he did not drink it. Mr. Dycus identified Mr. Chopra in the courtroom as the person who he served on August 23, 2012. Mr. Dycus testified that he received a $50 fee for service on Mr. Chopra.

The Court also heard sworn testimony from Mr. Chopra. Mr. Chopra testified that he first learned of the default judgment in this case in early 2014 when he was in California and some Indiana neighbors contacted him to tell him that federal marshals were at his Indiana house. Mr. Chopra testified that he never met Mr. Dycus and that Mr. Dycus could not have been at 6 Lounge between 6:00 p.m. and 7:00 p.m. because the club does not open until 7:00 p.m. Mr. Chopra testified that the layout of the whole bar is on one floor, so there is no downstairs. Mr. Chopra also testified that he never spoke with Captain Donald VanCleave, who filed the affidavit regarding service of the body attachment relating to the proceedings supplemental.

*3) Decision*

Based on the evidence of record and the Court's observations of both parties at the evidentiary hearing, the Court credits Mr. Dycus' testimony that he personally served Mr. Chopra, as Arantee's registered agent, on August 23, 2012. Mr. Dycus is an uninterested individual who was hired and paid for his services. The Court rejects Arantee's insinuations that Ms. Tonge's counsel did anything wrong by completing certain information in the Proof of Service, as the Court had previously rejected multiple attempts by Ms. Tonge to obtain clerk's entry of default based on

faulty service. The Court recognizes that there are some inconsistencies in Mr. Dycus' testimony, such as whether he served Mr. Chopra in a non-existent downstairs at 6 Lounge and whether Mr. Dycus had a drink at the time. However, the Court attributes those inconsistencies to the passage of time—more than two years—between service and the proceedings to set aside the default judgment.

The Court finds notable that in February 2014, in connection with the proceedings supplemental, Captain VanCleave of the Marion County Sheriff's Office attested that he was "familiar with Club 6 or the Arantee Group and Ravi Chopra" and that "Ravi Chopra and the Arantee Group were served by copy and personally on February 4, 5, and 6, 2014." [Filing No. 38 at 1.] Captain VanCleave further attested that "on February 10, 2014 I talked to with [sic] Ravi Chopra by phone and informed him of the importance of appearing at Court at the required time." [Filing No. 38 at 1.] The evidence caused the magistrate judge overseeing the proceedings supplemental to recommend the issuance of a body attachment because "debtor Ravi Chopra failed to appear for the February 26, 2014 hearing in this matter *despite having received actual notice of the hearing*." [Filing No. 40 at 2 (emphasis added).] Despite Captain VanCleave's representations and the assigned magistrate judge's conclusion, Mr. Chopra testified at the evidentiary hearing on the pending motion that he had never spoken with Captain VanCleave and that he did not receive service of the proceedings supplemental. While the Court finds Mr. Dycus' testimony regarding service credible in its own right, Mr. Chopra's denial of Captain VanCleave's service attestations lends further credence to Ms. Tonge's position that Mr. Chopra, as the registered agent of Arantee, was attempting to avoid this case in its entirety. Once the Court issued the body attachment and the federal marshals showed up at his Indiana residence, however, Mr. Chopra could no longer do so.

11

The Court further notes that it mailed multiple entries to Arantee, directed to the attention of Mr. Chopra, at the address where Mr. Dycus attests personal service. [*See* Filing No. 17; Filing No. 20.] Those mailings were not returned to the Court for any inability to deliver them.

For these reasons, the Court concludes that through Mr. Dycus, Ms. Tonge personally served Mr. Chopra, as registered agent of Arantee, pursuant to Federal Rule of Civil Procedure 4 on August 23, 2012. Thus, the Court rejects Arantee's arguments that the Court lacks personal jurisdiction over it.

### C. Validity of Default Judgment

At the evidentiary hearing, Arantee asserted that even if the Court concludes that it has subject matter jurisdiction and personal jurisdiction over Arantee, the default judgment should be vacated because it was not based on service of the operative complaint at the time default judgment was entered. The Court ordered the parties to brief that issue after the hearing, which they have now done.

Arantee argues that even if the Court concludes that it was served with a copy of Ms. Tonge's Amended Complaint on August 23, 2012, Ms. Tonge was later granted leave to file a Second Amended Complaint. [Filing No. 95.] Arantee emphasizes that an amended complaint becomes the operative pleading and that a prior complaint is no longer of legal effect. [Filing No. 95 at 2.] Arantee points out that Ms. Tonge moved for entry of default based on service of the Amended Complaint, not the Second Amended Complaint, and it contends that there is no evidence that the Second Amended Complaint was ever served on Arantee. [Filing No. 95 at 3-4.] Accordingly, Arantee asks for relief from the default judgment.

Ms. Tonge emphasizes that the Court obtained personal jurisdiction over Arantee on August 23, 2012; thus, service of additional filings would be controlled by Federal Rule of Civil

Procedure 5. [Filing No. 94.] Because Ms. Tonge's motion asking for leave to file the Second Amended Complaint attached the Second Amended Complaint as an exhibit to the motion and was mailed to Arantee, Ms. Tonge alleges that Arantee was properly served with that pleading pursuant to Rule 5. [Filing No. 94 at 2.] Ms. Tonge also contends that Federal Rule of Civil Procedure 55(a) provides that the clerk must enter default when the defendant "has failed to plead or otherwise defend" an action, which she contends she has shown that Arantee failed to do. [Filing No. 96 at 2.] Thus, Ms. Tonge asks this Court to deny Arantee's motion for relief from the default judgment.

*1) Second Amended Complaint*

Arantee does not dispute that if the Court concludes—which it has—that Ms. Tonge perfected service on it pursuant to Rule 4 with regard to the Amended Complaint, Federal Rule of Civil Procedure 5 governs service of the Second Amended Complaint. [Filing No. 95 at 3 ("defendants acknowledge that if an earlier pleading and summons properly had been served under Rule 4 . . . then subsequent pleadings like the Second Amended Complaint could be served in a manner that satisfies the less stringent Rule 5").] That rule allows service to be made by "mailing it to the last known address—in which event service is complete upon mailing." Fed. R. Civ. Pro. 5(b)(2)(C).

It is undisputed that Ms. Tonge attached the Second Amended Complaint as an exhibit to her Motion for Leave, which the Certificate of Service indicates was mailed to Arantee at its proper

13

address.³ [Filing No. 16 at 3; Filing No. 16-1.] It is also undisputed that the Second Amended Complaint did not make material changes to the claims in the Amended Complaint. [Filing No. 16 at 1 (moving for leave to amend to correct the spelling of both Defendants' names, amend the jurisdiction section, and to amend the section describing the Defendants to "give more clear description").] Arantee faults Ms. Tonge for not mailing a copy of the Second Amended Complaint again after the Court granted Ms. Tonge leave to amend on October 12, 2012, but Arantee ignores that the Court mailed a copy of the Order granting that motion to Arantee and it was not returned, [Filing No. 17]. That Order indicates that the Second Amended Complaint "shall be shown as filed as of the date of this Order" and, accordingly, the Clerk's Office docketed the Second Amended Complaint on that date. [Filing No. 18.] Arantee, which had already received a copy of the Second Amended Complaint, could calculate its answer deadline based on the Court's Order making the Second Amended Complaint the operative pleading in the case.

Additionally, because Ms. Tonge perfected service on Arantee on August 23, 2012, Arantee was responsible for monitoring the Court's docket after that date. *See Goodman v. Clark, 2010 WL 2838396, at \*4 (N.D. Ind. 2010)* ("The parties to a case bear the responsibility of monitoring the court's docket."); *see also Sparks Tune-Up Centers, Inc. v. Cummings Sign, 1992 WL 77750, at \*1 (N.D. Ill. 1992)* (parties are "charged with an affirmative duty to examine the docket for up-to-date entries"). Additionally, "[a] party has a duty of diligence to inquire about the status of a case." *Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004)*.

---

³ Arantee argued for the first time in the supplemental briefing that Ms. Tonge's Motion to Amend was mailed to the incorrect address because the proper zip code for Arantee is allegedly 46244 and the zip code on the mailing was 46225. [Filing No. 95 at 4.] Ms. Tonge subsequently filed a Motion to Take Judicial Notice that Arantee's proper zip code is 46225, based on a search she conducted with the United States Postal Service. [Filing No. 97; Filing No. 97-1.] The Court granted that motion, [Filing No. 98], and rejects Arantee's arguments regarding the 46244 zip code.

14

For these reasons, the Court rejects Arantee's argument that under the circumstances of this case, it is entitled to relief from default judgment because it did not receive an additional copy of the Second Amended Complaint by mail after the Court granted Ms. Tonge leave to make that pleading the operative complaint in the case. [Filing No. 95 at 4.]

*2) Relief from Default Judgment*

Given the conclusions the Court has made herein, the only remaining issue is whether Arantee is entitled to relief from the default judgment because it claims that judgment was based on the Amended Complaint, not the Second Amended Complaint. [Filing No. 95 at 2.]

More than a year passed between when the Court entered final judgment on March 27, 2013, [Filing No. 28], and when Arantee moved for relief from that judgment on October 7, 2014, [Filing No. 63]. Thus, pursuant to the relevant portions of Rule 60(b), Arantee can only obtain relief from the judgment if it is void or any other reason exists that justifies relief. Fed. R. Civ. Pro. 60(b)(4) - (b)(6). All motions for relief pursuant to Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. Pro. 60(c). Relief under Rule 60 "is an extraordinary remedy granted only in exceptional circumstances." *Nelson*, 657 F.3d at 589.

Arantee is correct that when the Second Amended Complaint was filed, the Amended Complaint no longer had legal effect as the operative complaint. [Filing No. 95 at 2]; *see, e.g.*, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). Arantee ignores, however, that the Amended Complaint remained the pleading on which Ms. Tonge had perfected service on Arantee for purposes of Rule 4. [*See* Filing No. 15; Filing No. 19-1.] Arantee cites no case law in support of its argument that the Court's judgment is void because the affidavit supporting the default request referenced the complaint on which Ms.

15

Tonge had perfected service pursuant to Rule 4, not the operative complaint at the time default was requested. It is undisputed that, for whatever reason, Arantee never answered or otherwise defended the allegations in either the Amended Complaint or the Second Amended Complaint. Thus, when Ms. Tonge moved for clerk's entry of default and supported that application with an affidavit showing that she had perfected service on Arantee and that it had failed to defend itself, it was proper for the Clerk to issue the Clerk's Entry of Default. *See* Fed. R. Civ. Pro. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.") (emphasis added).

Based on the circumstances presented in this case, the Court concludes that Arantee has not carried its burden to prove that it is entitled to the extraordinary relief from the Court's judgment. *Jones*, 39 F.3d at 162 (Rule 60 "squarely places the burden on the moving party"). Arantee has not shown that the Court's judgment is void or presented any other reason justifying relief. In fact, at the Court's evidentiary hearing, Mr. Chopra—Arantee's registered agent— admitted that he was aware of the default judgment in this case in April 2014, but Arantee did not move from relief from that judgment until October 7, 2014. [Filing No. 63.] Such a "period of abstinence indicates a disregard for the procedures of this court, and factors heavily against relief under Rule 60(b)." *Sparks*, 1992 WL 77750 at *1 (referring to "a six-month period of abstinence") (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) (noting that given a two month delay between the awareness of a default judgment and a motion to vacate, "it is worth emphasizing that the appellants did not move promptly to vacate the default judgment, and this fact weighs heavily against them")). Because Arantee has not carried its burden

to show that it is entitled to the extraordinary remedy of relief from the Court's judgment, the Court denies Arantee's request. [Filing No. 63.]

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Arantee's Motion to Dismiss for Lack of Jurisdiction or for Relief from Default Judgment. [Filing No. 63.] Plaintiff may now pursue further proceedings supplemental against Arantee.

February 11, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF**:

Fred Anthony Paganelli
tony@tonypaganelli.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrjustice@aol.com